# FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PEDRO BARREY,

              Plaintiff,

    v.

R.A. HEIMER,

              Respondent - Appellant,

    v.

BANK OF AMERICA, N.A.,

              Defendant - Appellee,

   and

OCWEN LOAN SERVICING, LLC,

              Defendant.

No. 09-16443

D.C. No. 2:09-cv-00573-GMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted August 23, 2010[]

Before:     LEAVY, HAWKINS, and THOMAS, Circuit Judges.

Rae Heimer, a non-party to the underlying action, appeals pro se from the district court's order sanctioning her under its inherent power to curb abusive litigation practices after dismissing the complaint she prepared for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991), and we affirm.

The district court did not abuse its discretion in imposing nominal monetary sanctions on Heimer, an Arizona certified document preparer, under its inherent authority to curb abusive litigation practices and after finding that she improperly practiced law in drafting the complaint in this action for an improper purpose. *See* Ariz. Code of Jud. Admin. § 7-208(J)(5) (prohibiting document preparers from providing "legal advice or services to another" and "any kind of advice, opinion or recommendation to a consumer about possible legal rights, remedies, defenses, options or strategies."); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) (affirming inherent-power sanctions based on a finding of bad faith, vexatiousness, wantonness, oppressiveness, or willful disobedience of a court order); *Fink v.*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (finding of bad faith for purposes of inherent-power sanctions includes a broad range of willful improper conduct, such as trying to gain a tactical advantage).

Heimer's remaining contentions are unpersuasive.

**AFFIRMED**.